UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ERIC RAYMOND CORO, | ) |
|                Plaintiff | ) ) ) ) Civil No. 05-152-B-W |
| v. | ) ) |
| MAINE STATE PRISON, et al., | ) ) |
|                Defendants | ) |

**RECOMMENDED DECISION**

Eric Raymond Coro brought this complaint pursuant to 42 U.S.C. § 1983 alleging that as an inmate at the Special Management Unit of the Maine State Prison he was subjected to cruel and unusual punishment because he was forced to sleep on a cold concrete slab without a mattress for a number of consecutive days. In his complaint Coro asks only for injunctive relief; he wants this court to order the prison and its officials "to stop forcing prisoners to sleep on concrete slabs as a form of punishment." Two of the defendants, Jeffery Merrill and Douglas Starbird, move for summary judgment (Docket No. 15), alleging that Coro lacks standing to seek injunctive relief. In the same motion "Raymond" Allen seeks judgment because he has never been served[1] and the State of

---

[1] Defendants' counsel suggests the complaint against Raymond Allen should be dismissed because he has never been served. Apparently the Sergeant Allen named in these pleadings is David Allen rather than Raymond Allen. The Marshal did not complete the initial service because he indicated there was no Raymond Allen at the Maine State Prison. If this were only a matter of correcting the name I would order the Marshal to make service upon the proper Sergeant Allen rather than dismiss the action because plaintiff's 120 days for service have not yet expired. However, even if Allen had accepted service, the standing issue pressed by Merrill and Starbird would result in judgment entering against Coro as to Allen also so I see no need to go through the exercise of having Allen, a state defendant in any event, served. Of course the Maine State Prison, an entity that is an arm of the State of Maine, is not a proper party because it is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989).

Maine, sued as the Maine State Prison, seeks judgment because it is not properly named as a party. I now recommend the court grant the motion for the reasons set forth in the motion. (Docket No. 15.)

## Statement of Undisputed Facts

There is only one material fact submitted by defendants: "The plaintiff has been transferred from the Special Management Unit to the Protective Custody Unit." (Defs.' SMF ¶ 1.) Coro, without regard for the constraints of District of Maine Local Rule 56, does not deny this one material fact. In his response to the motion he states as follows: "Plaintiff is still incarcerated at the Maine State Prison where the policy of removing mattresses from cells as a form of punishment is still in effect."

## Discussion

Past exposure to harm suffered by an individual will not, in and of itself, confer standing upon a litigant to obtain equitable relief "[a]bsent a sufficient likelihood that he will again be wronged in a similar way.'" Am. Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992) (quoting Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)). In Knox v. McGinnis the Seventh Circuit, on facts remarkably similar to these, applied Lyons to hold that a prisoner lacked standing to seek prospective injunctive relief against prison officials in their official capacities in a 42 U.S.C. § 1983 action challenging the official's use of a "black box" restraining device while transporting segregation prisoners outside the segregation unit. 998 F.2d 1405, 1413-15 (7th Cir. 1993). Knox, who had been released from segregation and returned to the general prison population where he was no longer subject to the use of the black box, failed to make a reasonable showing that he would again be subject to the alleged illegality. Id. (finding no case or

controversy based only on the possibility the prisoner may again be transferred to the prison's segregation unit).

In the present case Coro remains a resident of the Maine State Prison, but no longer resides in the Special Management Unit wherein the offending punishment has been inflicted. The summary judgment record indicates that more than eight months have elapsed since Coro was subject to the challenged treatment. Coro's summary judgment showing is that the practice remains ongoing in the Special Management Unit, but he does not present any facts suggestive of the notion that it is at all probable that he will be returned to that unit or that the practice will be instituted in the Protective Custody Unit. Thus, I have no basis to find that he is sufficiently likely to be again harmed in a similar fashion. Accordingly, he does not have standing to bring an action for injunctive relief on behalf of other inmates still exposed to the offending practice.

I do think that Coro's case is a more difficult one than the companion case of Moulton v. Maine State Prison, CV- 05-151-B-W. Moulton conceded in his summary judgment pleadings that he was bringing the action on behalf of other inmates. Also, he had been moved to an entirely different prison. Coro's case, had he developed the right factual record in opposition to the defendants' motion, might have colored his claim as one that gave him standing because his claim was "capable of repetition yet evading review." See e.g. Clark v. Brewer, 776 F.2d 226, 229 (8th Cir. 1985). Ultimately I do not place Coro's pleading on that side of the divide for two reasons. First, this complaint was not filed until September 27, 2005. Coro was removed from the Special Management Unit on April 20, 2005, thus negating the notion that the state defendants have deliberately manipulated his housing assignment in order to defeat Coro's standing

in this court.  Second, there is no suggestion anywhere in the record that Coro has ongoing disciplinary problems at the prison that might result in his return to the Special Management Unit.  The record does not present the picture of a prisoner who has been in and out of the Special Management Unit with any degree of frequency.  Given these limitations I am satisfied that Coro lacks standing to press this claim for injunctive relief.[2]

Because in his complaint Coro seeks only injunctive relief – and does not seek monetary damages --and nowhere in his response alleges he is currently sufficiently likely to be subject to the punishment he challenges, I recommend that the court **GRANT** summary judgment to the defendants.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

January 5, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[2] Coro has filed a number of affidavits made out by fellow inmates that tell of their experience of being punished in this fashion.  These affidavits do support Coro's claim that this protocol is an established policy or custom at the prison.  However, Coro cannot, as a non-lawyer, represent other prisoners and, as he seeks only injunctive relief, he must establish his standing to seek such relief independent of the hypothetical standing of other prisoners.